IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN CHRISTOPHER STEWART                                              PLAINTIFF

VS.                              Case No. 05-CV-4031

DOMTAR INDUSTRIES, INC.                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff John Christopher Stewart (hereinafter "Stewart") brings this lawsuit against Defendant Domtar Industries, Inc. (hereinafter "Domtar") alleging discrimination in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101, et seq.)(ADA). Before the Court is Domtar's Motion for Summary Judgment. (Doc. 20). Stewart has responded. (Doc. 24). Domtar has also filed a reply brief. (Doc. 27). The Court finds this motion ripe for consideration and for the following reasons finds the motion should be granted and Stewart's case should be dismissed with prejudice.

**I.     Background**

The following facts are undisputed and set the general background for this lawsuit. However, the Court's decision turns on two important undisputed facts–the date of Stewart's termination and the date Stewart filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC)–and the absence of other facts in dispute which would allow the Court to toll the time between these two dates.

Domtar operates a paper mill in Ashdown, Arkansas. On January 21, 1991, Stewart began his employment with Domtar at the Ashdown Mill as a general mechanic in the maintenance department. Stewart's supervisor was Steven Hawthorne. In 1993, Stewart was diagnosed with HIV and developed alcoholism shortly thereafter.

At the Domtar plant on the morning of December 3, 2003, Hawthorne approached Stewart and suspected he was under the influence of alcohol. Later that same morning Stewart

-1-

took a blood and urine alcohol test and tested positive for alcohol. On December 10, 2003, Domtar management representatives held a meeting with Stewart and entered into a "Last Chance Agreement" with him, where he agreed to participate in a treatment program. That same day, Stewart was placed on short-term disability leave to begin his treatment. On December 12, 2003, Stewart entered into a treatment program, and eventually entered into a 30-day inpatient treatment program. Stewart was released from his treatment program on February 10, 2004. On his arrival back to work at Domtar on February 16, 2004, Stewart singed a "Last Chance Agreement," which provided for continuing mandatory outpatient treatment. On March 5, 2004, Stewart's counselor at his treatment center advised Domtar that Stewart had missed his last two treatment sessions, and on April 1, 2004, Stewart's counselor advised Domtar that Stewart had missed six consecutive counseling sessions.

On April 7, 2004, Stewart was terminated from his employment, purportedly because he was in violation of the "Last Chance Agreement" for missing his counseling sessions. This is the most recent discriminatory act Stewart alleges. On January 10, 2005, Stewart filed a charge of discrimination with the EEOC alleging that Domtar terminated him because of his disabilities of HIV and alcoholism, in violation of the ADA. On January 24, 2005, the EEOC dismissed Stewart's charge of discrimination as untimely filed. Stewart filed the present lawsuit on April 22, 2005, alleging ADA discrimination. Domtar answered and, after discovery, has moved for summary judgment in its favor.

**II.     Standard of Review**

The standard of review for a motion for summary judgment is familiar and established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Krenik v. County of Le Sueur, 47 F.3d 953 (8th Cir. 1995).

The Supreme Court has issued the following guidelines to help determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial . . . whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Agristor Leasing v. Farrow, 826 F.2d 732 (8th Cir. 1987); Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986).

The burden of proof is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Id., citing Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The Eight Circuit Court of Appeals, in Scheer Const. Co. v. Greater Huron Development Corp., 700 F.2d 463, 465 (8th Cir. 1983), quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981), in a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial.

Where the party moving for summary judgment does not bear the burden of proof at trial, the party must demonstrate that there is an absence of evidence to support the non-moving party's case. Buck v. F.D.I.C., 75 F.3d 1285, 1289 (8th Cir. 1996), citing and quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies this requirement, the burden shifts to the nonmovant who must set forth specific facts showing that there is a genuine issue for trial. Id., citing and quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."

Matsushita Elec. Indus. Co., 475 U.S. at 586.  Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial.  Anderson, 477 U.S. at 248.  Guided by this standard of review, the Court considers Domtar's summary judgment motion.

### III.  Discussion

An ADA complaintant must file a charge with the EEOC within 180 days after the alleged unlawful employment action occurs.  42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); Tademe v. St. Cloud Univ., 328 F.3d 982, 986 (8th Cir. 2003)(applying Title VII's limitations period).  The failure to timely file a charge of discrimination with the EEOC is not a jurisdictional prerequisite to initiating a civil action in federal court, but it is a requirement–like a statute of limitations–that is subject to waiver, estoppel and equitable tolling.  Stoling v. Arkadelphia Human Development Center, 81 Fed. Appx. 83, 85 (8th Cir. 2003), citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). When an employee seeks to recover for acts of discrimination occurring more than 180 days before the charge was filed with the EEOC, courts may evaluate whether it would be proper to apply equitable doctrines such as tolling or estoppel, but such doctrines are to be applied sparingly.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Stewart claims that he filed his charge of discrimination with the EEOC on January 10, 2005, prior to hiring an attorney, he was unaware that he had to file a charge of discrimination within 180 days of being terminated from Domtar and he was never informed prior to speaking with the EEOC that he had to file a charge within 180 days.  John Christopher Stewart Aff. ¶¶ 4-6.  Because Stewart has not identified any affirmative misconduct of Domtar that would justify the application of the doctrine of estoppel, to survive summary judgment he must rely on the doctrine of equitable tolling.

As the Eight Circuit Court of Appeals has explained, "an applicable statute of limitations may also be tolled by the doctrine of equitable tolling."  Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005).  Equitable tolling focuses not on the misconduct of the employer

-4-

(which would be subject of the doctrine of equitable estoppel) but on the employee's ignorance of a claim, where he, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.  Id.  "Stated differently, the question is whether a reasonable person in the plaintiff's position would have been aware that her rights had been violated."  Id.

Some courts have held that ignorance of specific legal rights or failure to seek legal advice should not toll the EEOC's limitations period.  Jackson v. Richards Medical Co., 961 F.2d 575, 580 (6th Cir. 1992); Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 754 (1st Cir. 1988)("'excusable ignorance' means ignorance of statutory rights relative to discriminatory conduct due to misleading conduct or other actions by the defendant, but it does not mean mere ignorance of a specific provision contained within the statute.").  Mere ignorance of the 180-day filing requirement does not justify equitable tolling.  Larson v. American Wheel and Brake, Inc., 610 F.2d 506 (8th Cir. 1979).  Turning to the summary judgment evidence, ignorance of the deadline is all that Stewart has pled and the only evidence before the Court.  Stewart's EEOC Complaint could only have been timely if filed on October 4, 2004; Stewart's EEOC Complaint was filed 98 days later on January 10, 2005. In this lawsuit, equitable tolling is not appropriate, so Stewart's EEOC complaint suffers from the defect of being untimely filed.  Summary judgment in Domtar's favor as a matter of law is appropriate.

### IV.  Conclusion

Upon consideration, for the reasons discussed herein, the Court finds the motion for summary judgment should be and hereby is **granted** and this case is hereby dismissed with prejudice.  Further, Domtar's request for reasonable attorney's fees and costs pursuant to the Court's inherent power is hereby **denied**.  A judgment of even date, consistent with this opinion, will issue.

**IT IS SO ORDERED** this 7th day of April, 2006.

                                      /s/ Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        U.S. District Judge